v. Norris W. Cochran, Acting Secretary, U.S. Department of Health and Human Services, Mr. Bradley for the appellant, Mr. Schultz for the appellate. Morning Council, Mr. Bradley, please proceed when you're ready. Good morning, and may it please the court, I'm Keith Bradley, representing the hospitals in this case. The previous proceedings involved a serious jurisdictional error in which the district court asserted jurisdiction to decide the merits of claims that the board had never considered. Today I'd like to make three things clear. First, that jurisdictional defect is important. It would be valuable for the court to make plain that the secretary cannot waive a jurisdictional prerequisite that Congress assigned to the board. Second, the hospitals are not engaged in gavensmanship. They had nothing to gain from waiting to see how the merits of the appeal would turn out before raising this issue. Third, the panel's prior decision is not law of the circuit or of the case, but the district court had merits jurisdiction over these claims. First, with respect to jurisdiction. The board dismissed the claims and denied expedited judicial review, that's EJR. The district court then found that the legal issues satisfied the criteria for EJR and concluded that it had jurisdiction under the EJR provisions. Under ELINA, that can't work, and the government does not contend it can. Instead, the government says it waived the need for a board merits decision. We, too, had accepted that in oral argument before. But for that waiver to be possible, it would have to be the case that a board merits decision is not a jurisdictional necessity. If it were, the government couldn't waive it. And in fact, HHS has told every other court so far as we can find that a board decision is indeed a jurisdictional prerequisite. That makes sense. The waiver concept... Your client argued that there was jurisdiction last time. Was that a reasonable argument? To be honest, we were mistaken when we said that before. I didn't ask whether you were mistaken. I just asked, did you make a reasonable, albeit mistaken, argument for jurisdiction, or was it an unreasonable argument advanced to this court? If I may, I would like to distinguish two different things that we said about jurisdiction. First, at the district court level, we had signed up for this idea of a self-EJR finding. That was reasonable at the time, but ELINA foreclosed it. Second, to this court, we put forth the waiver idea as well. Post-ELINA. Yeah, post-ELINA, yes. I don't think that it was a good argument. I'm going to ask you that. Was it reasonable? Was it mistaken, but was it unreasonable? Not even arguable, what you said. Well, I don't think it was arguable. Was it arguable to violate Rule 11? I don't think that we had violated Rule 11, but... Colorable, yes. I don't think that's what arguable means in the arguable basis concept, though. I'm just asking you to describe, because we asked for a briefing on this question. Many questions were asked during oral argument about it. They were. And an argument was made to us. And my assumption was that the attorney had come here in good faith and made what was reasonable, but you now think mistaken argument about this unresolved jurisdictional question. But now you're telling me it wasn't even reasonable? I don't think it rose to the level of Rule 11 by any means, to be sure. But you're telling me it wasn't even reasonable. No, I don't think it was reasonable on either side. No, I'm not asking either side. I'm asking you to talk. This was your client's argument.  Absolutely. Understood. Unreasonable. Okay. I don't think it was reasonable. We have now had the benefit, obviously, of thinking about this at much greater length than we had in the pressures of the time. And as much as we've read about this since then, no. What were the pressures of the time? I thought it did. Was there a lack of time to think through the argument? Well, several things. One is, yes, there was some amount of time pressure just because it was arising. You know, the court did issue its order, but we were arriving at an argument. But then, in addition, this is one of the things that comes from these consolidated cases. There were also 30-odd hospitals there for which there was no jurisdictional question that, you know, that counsel was also representing with, you know, just addressing the merits of their cases. But it wasn't a snap answer at oral argument, right? This was an issue that had been flagged ahead of time that you had had time to think through. It was. The court did issue that order asking us to discuss it. Mr. Bradley, the district court in the first go-round issued an order, a final judgment, that applied not only to the parties that we had jurisdiction over, but also everybody in the case. And the judgment was on the merits, correct? Correct. Correct. And then when the panel heard the case, the final judgment of the panel was to affirm that ruling by the district court holding against your clients on the merits, correct? Correct. So for us, for this panel, to disagree with that would be a violation of the law of the circuit, number one, and a violation of the law of the case, number two. Isn't that correct? Respectfully, Your Honor, I don't think that it would for two reasons. One is, I mean, although they're both rooted in what the Billings decision said, it said explicitly, we are not deciding that the district court had jurisdiction. We are leaving that question unresolved. The sentence at the end. And the reason is, let me just follow up here, because there's an analogy here. I don't think the parties have drawn it, but let me explain the analogy. When we have a standing case, if we have 20 parties and one of them has standing, we don't care whether the other 19 do or not. But when we render a decision involving all 20, all 20 of those parties are bound by that decision. What's the difference between what happened in the first go around in this court and that sort of a situation which happens in a rather commonly in this. We we have explored what would happen, what happens after the decision, and I want to be clear. Also, the decision in Billings is binding precedent for what the court said about the, you know, the court said various things that is all binding precedent for everybody. But with respect to its being a law of the case or preclusive or or or other effects like that binding on the party specific fashion that you just suggested, we have searched and we have not found cases. Applying that effect to the other 19 parties. Now, it does not often happen. The case of the circumstances of this case are a little bit unique in that it does not often happen that once the panel once the court has issued. Actually, they're actually they're not very unique. I mean, it's very close to the decision of our court in bank in LaShawn many, many years ago. I mean, two decades ago, and in which we held that that law of the case and law of the circuit, etc. Also apply to jurisdictional determinations. It does, but but I submit that in LaShawn you wrote that it applies to decisions made by necessary implication, whereas here the panel. It cannot be necessarily implied because the panel explicitly said they were not deciding it. And I will offer to you. In addition, a case after LaShawn called Independent Petroleum Producers Association of America, in which the court proceeded to decide a jurisdictional question that had not been settled by the previous case. There had been two parties, you know, in it before the court in that previous case and the court in the subsequent decision proceeded to say yes, but that's only things that are that are necessarily implied and since it was not necessarily implied in that previous decision. We have here the the authority to to decide the jurisdictional question that has come squarely before us. And then Independent Petroleum Association, the court then decided that as to the second party, there had been no jurisdiction. No, you should have applied for rehearing or rehearing in bank if that's your position after the initial decision by the Court of Appeals, because you lost on the merits, even though the court made no determination about whether it had jurisdiction over you. And it's the same thing as in standing. If you had a problem with that, then your only recourse was to petition for certiorari or rehearing. You didn't do either one. You're bound by that. You did petition for rehearing and you didn't raise the issue. We did. We did. If I may, I have to do not have enough time. You said there was not enough time before oral argument to sort out the jurisdictional issue but but argument was December. I think your rehearing petition was the next September. Was nine months enough time to figure out this problem? It was, but if I may back up. I'm sorry, you said that was sufficient time? As far as rehearing goes, yes. But if I may, about the rehearing, two thoughts there. One of which is that, again, this comes back to the fact that these were all consolidated. There were, we believed, problems with the decision on the merits as well. And for all of these hospitals that were there and had no jurisdictional defect, they also had, within the limited space confines of a rehearing petition, something that needed to be said. And moreover, a rehearing petition, obviously the court has full discretion whether to grant it or not, and it is unusual to grant one, whereas the rules prescribe a mechanism for what to do if there has been a jurisdictional defect, namely a motion under Rule 60 before, which is exactly what we did. So because of strategic choices about how to use your word limit, you didn't raise it at rehearing and waited, I think, two more years to file a 60B petition? That's the theory? Well, there is no time limit, of course, on Rule 60 before. And then the second thing that I'd like to say about this. I'm just asking, you said you didn't have enough space in your rehearing petition, so you were aware of the issue? If I can just finish my sentence. So you had your nine months now to think about it. So you were aware of the jurisdictional problem, but you had the folks for which there was jurisdiction indisputably, and they wanted to raise merits issues. And so a strategic decision was made just to seek rehearing on those merits questions and not to raise this jurisdictional issue that you were aware of. To be candid, Your Honor, I do not recall whether we were aware of it at the time of the rehearing petition, but you had asked whether it would have been possible to be aware. And I, you know, in the nine months, I don't want to assert to you that we could not have figured that out. So I don't mean to suggest that we did make a strategic decision, simply that in the circumstances, it would not be. I submit that it would not make sense to require that parties go through the rehearing process, rather than through the Rule 60 process that is set out in the rules. The other thing I'd like to point out about this is that it is a practical matter. It would not have made any difference to do it one way or the other. Had the parties raised it in rehearing petition or in the oral argument, what would have happened is that the cases would have gone back, they would have been remanded to the board, they would have come back up through the process. And the merits decision and billings would have been binding precedent, whether for good effect, or as it happened for ill effect. And, in fact, these same parties, many of them are litigating claims involving some of these same rules in the district court below right now, that case was actually stayed. For the same years? For many of the same years. I'm not sure they cover all of the same years, but many of them, yes. Do they include any additional years? I believe they do include some additional years, yes. Yes, well that's quite different then, because our decision was very much at this time, this was reasonable by the... But they do include some of the same years. So what I'm trying to figure out here is, what's the point? Because normally what happens in these standing cases is someone's seeking APA relief, declarative relief, injunctive relief, that's going to control their case, their position, there's nothing more to be done. And so let's say you're right, and so we grant, we agree with you, it's vacated, or mandamus, whatever one you want, we send it back to the district court, and it's dismissed from there, and you go back before the board, and the board gives you the EJR, and then you go back to the district court. Would you agree that the district court's decision is going to be completely controlled by the billings decision at that point? As a matter of circuit precedent, yes, billings is going to be binding precedent on the district court. So it's a fair question, why do we want to do this? There are, in the court below, we are litigating further matters about some of these same rules, we believe that there is more to be said about them. Wait, further matters, like different arguments? Different arguments, and it is outside the record, but I can say that... You're clearly bound, as to these years, you're clearly bound by res judicata. If you, you sought summary judgment in the district court, the first round, you cross moved. And so you had your chance there to raise all the arguments that you wanted, and there's no way you get to fight those same years again and just say, okay, now we've thought of some new arguments. If I may respond. Yes. If there is no judgment against these hospitals, I submit that there would not be res judicata against them arising from billings, and it would only be the binding precedent, which of course has a broad sweep, but would leave room for further arguments, of which we think there are some important ones. And are you, are you saying that any further proceedings, if every step that you need to go through were gotten through, would happen in the district court here, or without regard to your ability to bring a claim somewhere else? Our, our, our intent is to bring them back up to the district court. We would probably, we could not, obviously, I don't want to commit for that judge that, for that court, that it would accept them into the same case as a matter of related cases, or that they would get consolidated, but that's, that is what we would do. That was what we would seek to do. Okay. Unless my colleagues have any further questions for you, we'll hear from the government. Mr. Schultz. Thank you, Your Honor. Benjamin Schultz on behalf of the government. In the original litigation, the plaintiffs insisted that this court and the district court properly could exercise jurisdiction over all plaintiffs, and this court ultimately concluded that it didn't need to resolve the jurisdictional question, and it affirmed the district court's judgment in full. Because this court concluded that it could affirm the judgment in full, without need to resolve the jurisdictional question that the plaintiffs are now presenting, Billings Clinic can be the beginning and end of this case, because Billings Clinic shows that the judgment could be affirmed without need to address this jurisdictional question. At a minimum, a void judgment cannot be a judgment that the Court of Appeals says can be affirmed, whether or not there was jurisdiction. Even if this court doesn't want to go that route, and we think that's just a simple, easy way to do this, even if this court doesn't want to go that route, it can also apply general principles of Rule 60b-4. This court held in the Delta Foods case that even in a Rule 60b-4 motion, if a party had a fair opportunity to attack jurisdiction the first time around and simply declines to do so, then that party cannot attack jurisdiction in a Rule 60b-4 motion, except perhaps in some very, very narrow circumstances, which are far afield from the circumstances of this case. The case is actually an easier case than Delta Foods, because not only did the plaintiffs have a fair opportunity to raise their jurisdictional objection, they affirmatively argued to this court that there was jurisdiction. I'd be happy to address the jurisdictional arguments itself if the court wants to talk about them. Again, I don't think there's any need for this court to reach that, but if the court would like to, I'm happy to do it. I'm also happy to talk about mandamus if the court has questions there, but I think it's pretty clear that the district court in this case did issue a full and complete judgment that resolved all claims, so there is nothing to mandamus. And unless the court has further questions, we'll rest on our briefs. I think I know the answer to this, but I'll ask for your view. Are you familiar with Capron v. van Noorden? I'm sorry, what case? Capron v. van Noorden. I'm not specifically familiar with that one. It's not actually a recent case. It was decided in 1807 by Chief Justice Marshall. And it's a case where it went up on appeal, and it was a diversity of citizenship case, as I recall. And so it goes up on appeal, the party, the plaintiff lost in the district court. It goes up on appeal, the plaintiff said, well, although we invoke diversity jurisdiction and lost, there really was no jurisdiction. And the question was whether the losing party is permitted to raise that jurisdictional claim when that's the party that invoked jurisdiction. How would you distinguish that case? Well, Your Honor, I'm not familiar with it, and I don't think opposing counsel has cited it, but I will say that whatever that case said in 1807, it certainly would have predated the modern civil rules. So I think at least one way to distinguish it is we currently have Rule 60b-4. That would be the vehicle that they would use to attach jurisdiction, and this court would apply Rule 60b-4 jurisprudence in a way that wouldn't have been true in 1807. And this court's established case law under Rule 60b-4 solves this. I would distinguish it, too, but on a different basis, that it was on direct appeal. I'm sorry, I didn't understand that, Your Honor, that it was a direct appeal. That certainly would also be a grounds for distinction if that was the case. Yes. Yeah. Okay. Can you just say you said this most straightforward route for us to resolve the case was your first ground as opposed to getting to Delta Foods. The first ground, we do have a 60b-4 motion that the district court disposed of and the denial of which has been appealed to us. Right. So we have to apply some standard for 60b-4. And your first ground, again, is what in response to the fact that there is a 60b-4 motion? Yeah. So to get 60b-4 relief, the first step is you have to show that the judgment is void, which means that there's some sort of fundamental infirmity. Our initial position is there is not even any infirmity because this court has already held and it is the law of this circuit that the district court's judgment could be affirmed without regard to whether or not there was jurisdiction over the motion plaintiff's claims. Okay. What are the government's view on what a fundamental jurisdictional error is or when the Supreme Court said in the United Student Aid case, only, quote, certain types of jurisdictional errors are covered by 60b-4? Yeah, so the Supreme Court case law talks about kind of three different categories of things. One is – and there's different terminology, but I think it's more or less the same thing. One is it talks about, like, a manifest lack of jurisdiction, which, you know, may be the same as there wasn't even an arguable basis for jurisdiction. Then there's two other really narrow exceptions about when there may be another tribunal and you're substantially infringing on it. And then there's, I think, a third exception, which – sorry – that if the original court was incapable of resolving the jurisdictional question the first time around and we're far afield from any of those narrow exceptions. And, frankly, I don't think the court even needs to get into those exceptions because the first ground that we've presented doesn't even reach that, which is that it's already the law of this circuit that the judgment could be affirmed without – So before we had that law of the circuit, at the time of our decision, was it arguable or, I guess, manifestly erroneous to conclude that there was jurisdiction to enter a conclusive judgment on the summary judgment – affirming summary judgment on the complaint that they joined? So we think it was at a minimum arguable and, in fact, correct for at least two different reasons. One is the waiver theory, which we think is logical. It's supported by text and Supreme Court precedent. The Ninth Circuit has expressly found in a Section 1395 OOF-1 case that the exhaustion requirement can be waived. And we think there's case law from this and other circuits that also suggests that the term final decision in 1395 OOF-1 has the same meaning that it has in Section 405G. In addition, there is certainly case law that says that there are times in which it is appropriate for a court to exercise hypothetical statutory jurisdiction. And I'm not sure that that's precisely what this court did when it decided – No, I thought we were quite clear that we were not exercising jurisdiction over – hypothetical jurisdiction over the other hospitals. We just didn't find it necessary to resolve their jurisdiction because they were looking for declaratory relief in the case. Sure, sure. And I don't mean to suggest that this court engaged in the actual practice of hypothetical statutory jurisdiction. But I think what that case law shows is that there can be times in which it is appropriate for a court to resolve a case on the merits despite doubts over statutory jurisdiction. And that doesn't render the judgment void. And with your analogy to the 405G jurisdiction, is there any case you can point me to in which the government would agree that there is jurisdiction, even if no one within – under 405G, no one within the agency addressed the question, the merits questions being appealed? No one addressed – no agency. It's not a question of the ALJ decided it, but whether they exhausted their appeal rights. No one in the agency had actually addressed the question. I'm sorry. So you're asking is there a situation in which – is there a case in which the government agreed to 405G jurisdiction despite the fact that no one in the agency had addressed a question on the merits? Either the government agreed or a court has found 405G jurisdiction without any agency decision on the question that is now before the court. My recollection is that in either Matthews v. Eldridge or Weinberger v. Salfi or both, the issue was a constitutional question that the agency disclaimed any ability to rule on. So I think that – But the agency had first made that decision. It had decided that – And said we're passing this on. So, yes, I think you're right that they said, hey, there's this claim, but they also said we're not going to decide it on the merits. All right, which we didn't have here. The agency didn't do that step here, the board being the agency. Well, I think the board said that it was going to dismiss the case entirely. You had a case that the plaintiffs said, hey, we have a case, and the board said, no, you don't. Your case is dismissed, gone, totally over. Well, completely different grounds. Sure. So the question of presenting the merits claim, the board here never was given the opportunity to look at it and say, we think we can decide it, or no, that's not – that's outside our wheelhouse. We're sending it up to the court. Well, I think there was a request for expedited judicial review, and the board denied it. Now, maybe it denied it on a different basis rather than whether or not it had the authority to rule on it, but it did deny the request for expedited judicial review. Okay. I have one last question just on your threshold law of the circuit ground, and it's just that – does that apply any time a court actually addresses jurisdiction so that it means a 60B-4 is just unavailable if the 60B-4 objection is jurisdictionally grounded any time in the previous round jurisdiction was in fact addressed? Well, your honor, I think what's – because it's a law of the circuit question, it's about what the court of appeals held. Yeah, that court, right. Right. So if a court of appeals issues a binding decision, then that decision is binding until overruled by the circuit en banc or the Supreme Court. And 60B-4 is just unavailable. Correct. So, for example, if this court had held affirmatively that there was jurisdiction over all plaintiffs, and then the plaintiffs had commented on 60B-4 and said that was plainly erroneous, it would still be the law of the circuit unless and until the court en banc or the Supreme Court overruled it. Yep. Okay. If my colleagues don't have any further questions for you, we'll hear from Mr. Bradley for his rebuttal. Mr. Bradley, we'll give you two minutes for your rebuttal. Thank you. One thing I would just like to correct about what I said earlier, these – in the case that's going on below, these hospitals are litigating some different years, and other hospitals are litigating the same years. Again, part of the complexity is that – Your clients are litigating different years. Yes. Other hospitals in those cases – But you don't represent those other hospitals. No, we represent all of them. But your argument here is for the folks who are only – Correct. Arguing – only arguing about new years. Sorry. Correct. I just wanted to be clear about – precise about what I had said. It remains true that if we were to get a remand back to the board and we come back up, we would try to add these claims into that same case where other hospitals that we represent are litigating some of these same years from billings. With respect to the law of the case, I'd like to quote a little something from a Tenth Circuit case that we quoted in our brief. It cannot be the case that a court is – sorry, a theoretical consideration of a jurisdictional issue should not be confused with the implicit but actual determination necessary to invoke the law of the case. If this distinction were denied, no jurisdictional deficiency could ever escape the preclusive reach of the doctrine that would clearly undermine the efficacy of Rule 60b-4 and contradict the many decisions that have implemented the rule to overturn jurisdictionally void final judgments. That was a case in which the parties had not properly raised the issue, had taken an appeal, and then the Tenth Circuit held that Rule 60b-4 relief was appropriate. We cited other examples of that as well in our briefs. This court, as the panel has recognized, explicitly did not decide that there was jurisdiction, and I submit that that question remains open for you to decide. In that Tenth Circuit case, did they argue jurisdiction on appeal? On appeal, they did not – on the original appeal, they had not. Right. Yes, the original appeal. They had not. Okay. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Millett, Randolph